IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL JURY and TAVA SUE JURY, | : | CASE NO.: |
| Plaintiff, | : : : | JURY TRIAL DEMANDED |
| v. | : : | |
| LOWE'S HOME CENTERS, LLC. t/d/b/a LOWE'S and t/d/b/a KOBALT and LOWE'S COMPANIES, INC. t/d/b/a LOWE'S and t/d/b/a KOBALT | : : : : : : | Jason M. Schiffman, Esq. Daniel S. Schiffman, Esq. Schiffman Firm, LLC 1300 Fifth Avenue Pittsburgh, PA  15219 Phone:  412/288-9444 |
| Defendant. | : : : | Pa. I.D. #309825 Jason@SchiffmanFirm.com Dan@SchiffmanFirm.com |

**COMPLAINT**

AND NOW, come Plaintiffs by and through their counsel Schiffman Firm, LLC and Jason M. Schiffman, Esq. and Daniel S. Schiffman, Esq. and hereby file the within Complaint:

1. Plaintiff Michael Jury is an individual and a citizen and resident of the Commonwealth of Pennsylvania and County of Clearfield residing at 63 Green Road, Woodland, Pennsylvania 16881.

2. Plaintiff Tava Sue Jury is an individual and a citizen and resident of the Commonwealth of Pennsylvania and County of Clearfield and is the wife of Plaintiff Michael Jury and resides with him as such at 63 Green Road, Woodland, Pennsylvania 16881.

3. Defendant Lowe's Home Centers, LLC is a corporation which at all relevant times traded and did business as "Lowe's" and/or traded and did business as "Kobalt" with its principal place of business located at 1000 Lowes Boulevard, Mooresville, North Carolina 28117

which at all relevant times traded and did business in the Commonwealth of Pennsylvania and County of Clearfield.

4. Defendant Lowe's Companies, Inc. is a corporation which at all relevant times traded and did business as "Lowe's" and/or traded and did business as "Kobalt" with its principal place of business located at 1000 Lowes Boulevard, Mooresville, North Carolina 28117 which at all relevant times traded and did business in the Commonwealth of Pennsylvania and County of Clearfield.

5. Defendants are hereinafter referred to jointly as "Lowe's".

6. This Court is granted jurisdiction in this action pursuant to 28 U.S.C. §1332 because (a) the case involves citizens of different states and (b) the amount in controversy is in excess of Seventy-five Thousand Dollars ($75,000.00).

7. On or about June 7, 2017, Plaintiff Michael Jury was using a Kobalt table saw designed, manufactured, and/or sold by Lowe's.

8. On the above stated date, Plaintiff was attempting to use the product to make a cut when, suddenly and without warning, the position of the saw shifted causing Plaintiff's fingers to contact the blade and causing Plaintiff to sustain serious and permanent injuries.

## COUNT I
## Michael Jury v. Lowe's

9. Plaintiffs hereby incorporate by reference paragraphs 1 through 8 of this Complaint as though the same were more fully set forth at length herein.

10. At all times relevant to this action, Defendants were engaged in the business of designing, manufacturing, selling and/or supplying table saws and were sellers as defined by the Restatements (Second) of Torts.

11. The table saw was expected to and did reach Plaintiff and was used by him without substantial change in the condition in which it was manufactured for sale.

12. Defendants breached the duties owed to Plaintiffs as mandated by selling the table saw in a defective condition to the ultimate user of the product.

13. The table saw was defective in that it could and did move and/or shift its position under normal use.

14. The table saw was defective in that it failed to incorporate flesh detecting or other safeguarding technology.

15. The table saw was defective because it did not meet the reasonable expectations of an ordinary consumer.

16. The table saw was further defective because the risk posed by its design and manufacture greatly exceeded the utility, if any, of its design.

17. The table saw was further defective in that it failed to be properly labeled and have proper warnings.

18. As the direct, legal and proximate result of the breach of the mandates of strict product liability law, Plaintiff has sustained the following injuries and damages:

    a. Multiple finger amputations;

    b. Other serious injuries;

    c. Necessity of medical treatment including hospitalizations and surgeries;

    d. Pain and suffering;

    e. Medical bills and liens have been incurred;

    f. Mental anguish;

    g. Inability to enjoy the ordinary pleasures of life and perform normal daily activities; and,

    h.    Disfigurement.

WHEREFORE, Plaintiff Michael Jury hereby demands judgment in his favor and against Defendants Lowe's Home Centers, LLC t/d/b/a Lowe's and t/d/b/a Kobalt and Lowe's Companies, Inc. t/d/b/a Lowe's and t/d/b/a Kobalt for an amount in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of interest and costs.

### COUNT II
### Michael Jury v. Lowe's

19.    Plaintiffs hereby incorporate by reference the averments contained in paragraph 1 through 18 of this Complaint as though the same were more fully set forth at length herein.

20.    Defendants were negligent in the following particulars:

    a.    In failing to assure that the table saw it sold utilized a proper design;

    b.    In failing to warn of the dangers of the table saw;

    c.    In failing to properly and appropriately test the table saw;

    d.    In failing to provide all accouterments and features necessary to render the table saw safe for use;

    e.    In failing to assure that the table saw was appropriate for use;

    f.    In failing to utilize technology which would cause the saw blade to cease movement when coming into contact with a hand; and

    g.    In failing to have a table saw which was stable and would not excessively move and/or slide.

21.    As the direct, legal and proximate result of the negligence of Defendants as aforesaid, Plaintiff has sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Michael Jury hereby demands judgment in his favor and against Defendants Lowe's Home Centers, LLC t/d/b/a Lowe's and t/d/b/a Kobalt and Lowe's Companies, Inc.  t/d/b/a Lowe's and t/d/b/a Kobalt for an amount in excess of Seventy-five Thousand Dollars ($75,000.00)  exclusive of interest and costs.

## COUNT III
## Tava Sue Jury v. Lowe's

22. Plaintiffs hereby incorporate by reference paragraphs 1 through 21 of this Complaint as though the same were more fully set forth at length herein.

23. As the direct, legal, and proximate result of the breach of the mandates of §402A of Restatement (Second) Torts by these Defendants and the negligence of these Defendants as aforesaid, Plaintiff Tava Sue Jury was deprived of the services, society, assistance, and consortium of her husband, Plaintiff Michael Jury.

WHEREFORE, Plaintiff Tava Sue Jury hereby demands judgment in her favor and against Defendants Lowe's Home Centers, LLC t/d/b/a Lowe's and t/d/b/a Kobalt and Lowe's Companies, Inc.  t/d/b/a Lowe's and t/d/b/a Kobalt for an amount in excess of Seventy-five Thousand Dollars ($75,000.00)  exclusive of interest and costs.

RESPECTFULLY SUBMITTED:

SCHIFFMAN FIRM LLC

*/s/ Jason M. Schiffman*
Jason M. Schiffman, Esq.
Daniel S Schiffman, Esq.
Attorneys for Plaintiffs